**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEMETRIUS MARWIN HOLDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01647-SPM |
| ) | |
| FLORISSANT POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the motion of plaintiff Demetrius Marwin Holder for entry of default judgment. (Docket No. 3). For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff is a self-represented litigant who filed a civil action on November 19, 2020, naming the Florissant Police Department, the City of Florissant, the State of Missouri, and Governor Mike Parsons as defendants. (Docket No. 1). In the complaint, plaintiff stated that during a traffic stop, a Florissant police officer used "a badge and uniform to make lawful commands that she has no authority to make." (Docket No. 1 at 5). As a result of this incident, plaintiff sought $7,000,000 in damages.

On January 8, 2021, plaintiff filed a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55. (Docket No. 3). In the motion, plaintiff alleged that he had properly served defendants with a summons and the complaint, but that the defendants had failed to answer or respond. (Docket No. 3 at 1). Attached to the motion was a copy of the Speedy Trial Act Plan for the United States District Court for the Eastern District of Missouri. (Docket No. 3-1). Plaintiff

also attached five separate subpoenas to produce documents, information, or objects, or to permit inspection of premises in a civil action. (Docket No. 3-2). All of the subpoenas were directed toward the Florissant Police Department. None bear the signature of the Clerk or Deputy Clerk of Court, or an attorney.

On January 15, 2021, plaintiff submitted an amended complaint. (Docket No. 4). He named only the Florissant Police Department as a defendant, while releasing Governor Parsons and the State of Missouri. (Docket No. 4 at 5). Plaintiff alleged that on November 9, 2020, he was "illegally detained without [a] warrant [or] probable cause." (Docket No. 4 at 6). He sought $7,000,000 in damages. (Docket No. 4 at 7).

That same day, plaintiff submitted a memorandum in support of his motion for default judgment. (Docket No. 5). The memorandum consisted of three affidavits in which plaintiff stated that he personally served the Florissant Police Department pursuant to Fed. R. Civ. P. 4. (Docket No. 5 at 2-7). Attached to the memorandum was a "Table of Authorities" asserting that the use of an automobile is a constitutional right. (Docket No. 5 at 8).

Plaintiff also filed a motion for leave to proceed in the district court without prepayment of fees or costs. (Docket No. 6).

## Discussion

Plaintiff has filed a motion for entry of default judgment. (Docket No. 3). However, the Court is not satisfied that plaintiff has properly served defendants pursuant to Fed. R. Civ. P. 4. Under Rule 4, a "summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of…the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be

2

signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1). There is no indication that such a summons has been issued by the Clerk of Court, served on defendants, and returned executed. Instead, attached to plaintiff's motion for default are five subpoenas to produce documents, information, or objects, or to permit inspection of premises in a civil action. These subpoenas do not comply with the requirements of a summons in Fed. R. Civ. P. 4(a)(1).

Furthermore, the Court notes that plaintiff has sought to commence this civil action without prepayment of the required filing fees. (Docket No. 6). Because plaintiff is proceeding in forma pauperis, the Court is required to review his complaint pursuant to 28 U.S.C. § 1915. A complaint that is frivolous, malicious, or fails to state a claim will be dismissed. It would be premature to grant default judgment without first determining whether plaintiff has stated a claim. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (reversing default judgment against a defendant "because [plaintiff's] complaint failed to state a claim against her").

For all the foregoing reasons, the Court will deny plaintiff's motion for entry of default judgment at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for entry of default judgment (Docket No. 3) is **DENIED**.

Dated this 21st day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE