# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS MARWIN HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01647-SPM |
| | ) | |
| FLORISSANT POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Demetrius Marwin Holder for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 6). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who filed a civil action on November 19, 2020, naming the Florissant Police Department, the City of Florissant, the State of Missouri, and Governor Mike Parsons as defendants. (Docket No. 1 at 2). He brought the action pursuant to 42 U.S.C. § 1983, 15 U.S.C. 1692e, and the Fourth, Fifth, and Sixth Amendments to the United States Constitution. (Docket No. 1 at 3).

In the complaint, plaintiff accused Officer Fels of the Florissant Police Department of "false and misleading representation by using a badge and uniform to make lawful commands that she [had] no authority to make." (Docket No. 1 at 5). Plaintiff, referring to himself as a "consumer," alleged that he was "handcuffed and forced to give private consumer data and biological property absent a verified complaint" and without a warrant. He further stated that Officer Fels failed to give him "full disclosure of the charges and how they [were] applicable to the consumer."

As a result of this incident, plaintiff asserted that his "record" was "damaged beyond repair." Plaintiff sought $7,000,000 in actual damages, while stating that punitive and exemplary damages should also be awarded. He also requested an injunction "in order to uphold consumer protections," and to be "placed on the 'do not disturb' list for all counties in Missouri."

On January 8, 2021, plaintiff filed a motion for default judgment. (Docket No. 3). Attached to the motion were a number of subpoenas to produce documents, information, or objects, which plaintiff purported to have delivered himself. The Court denied the motion on January 15, 2021, noting that plaintiff had not demonstrated that defendants had been properly served pursuant to Fed. R. Civ. P. 4. (Docket No. 7).

On January 15, 2021, plaintiff filed an amended complaint, along with a motion for leave to proceed in forma pauperis. (Docket No. 4; Docket No. 6).

### The Amended Complaint

Plaintiff's amended complaint is on a Court-provided civil complaint form. The Florissant Police Department is the only named defendant. (Docket No. 4 at 2). Plaintiff expressly states that he "releases" Governor Mike Parson and the State of Missouri from this civil action. (Docket No.

3

4 at 5). He does not mention the City of Florissant, which was named as a defendant in the original complaint.[1]

Even though plaintiff brought his original complaint pursuant to 42 U.S.C. § 1983, 15 U.S.C. 1692e, and the Fourth, Fifth, and Sixth Amendments to the United States Constitution, he states in the amended complaint that this Court has jurisdiction pursuant to diversity of citizenship. (Docket No. 4 at 3). Specifically, plaintiff asserts that he is a citizen of North Carolina, while the Florissant Police Department is a Missouri corporation. (Docket No. 4 at 3-4). Plaintiff further states that the amount in controversy is $7,000,000, which is above the threshold amount. (Docket No. 4 at 4).

In his "Statement of Claim," plaintiff provides:

> AS A US FEDERAL CONSUMER I, Demetrius Marwin Holder[,] a Natural Person[,] holds a prepaid non obligatory [commercial] debt [obligation] arrangement with the United States of America in accordance with 15 USC 1692a(4) and 12 U.S. Code 95a. Florissant Police Department is federally bound to the United States and U.S. Public Debt Obligations by way of their Employer Identification Number 43-6001315. By having such number and their reliance on Private Commercial Paper to operate their everyday functions, Florissant Police Department is no different [than] a mere private corporation. Consumer demands all contracting documents to come forth for inspection by the court that the Consumer has agreed to be compelled to. Consumer demands all paycheck stubs, vacation pay, hours worked, rate of pay[,] and[] all insurance information that the Consumer signed. Consumer releases Gov. Mike Parson from civil action 4:20-cv-01647 due to his willingness to cooperate with the Consumer. The State of Missouri is also released from civil action 4:20-cv-01647. I amend this complaint with full knowledge of my actions.

(Docket No. 4 at 5). Plaintiff further contends that on November 9, 2020, in the City of Florissant, Missouri, he was "illegally detained without [a] warrant" or probable cause. (Docket No. 4 at 6).

---

[1] The caption of the amended complaint indicates the defendant as "Florissant Police Department et al." In the section of the form complaint for identifying the parties, however, only the Florissant Police Department is listed.

4

He alleges that his "Freedom of Movement was restricted," and that he was "shackled, kidnapped, removed from private automobile on private property absent a verified complaint, forced to give biometric and personal consumer credit information by use of force, identity theft, [and] mental abuse by way of incarceration." He asserts that "Defendants failed to follow proper protocol, use of discretion, failed to adhere to federal consumer protection laws and state laws, use of obscene language, mental abuse and physical abuse, contacting a consumer after business hours, [and] valid contractual agreement that compels the Consumer to perform."

As a result of this incident, plaintiff seeks an injunction, $7,000,000 in damages, and the removal "of all charges due to false and misleading representations." (Docket No. 7 at 5).

Attached to the amended complaint are a number of exhibits. The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

The first exhibit is a request for taxpayer identification number and certification for the City of Florissant. (Docket No. 4-1 at 1). The second exhibit is an executive order signed by President Donald Trump titled "Executive Order on Establishing the President's Advisory 1776 Commission." (Docket No. 4-1 at 2). The third exhibit is a typewritten document signed by plaintiff in which he claims he is a "Public Consumer" who "holds a Prepaid Non-Obligatory Commercial Debt Obligation Arrangement with the UNITED STATES." (Docket No. 4-1 at 8). This document suggests that "dishonoring" of the "arrangement" will result in federal prosecution. Finally, plaintiff has provided a series of five Missouri Uniform Citations issued by the Florissant Police Department, stemming from the incident on November 9, 2020. (Docket No. 4-1 at 9-13). The citations indicate that plaintiff was ticketed for driving while suspended or revoked; obstructed state vehicle license; failure to register motor vehicle; failure to obey the reasonable direction of

an officer; and operating a motor vehicle while displaying a plate, tag, or placard not furnished by the Department of Revenue.

### Discussion

Plaintiff filed an amended complaint on January 15, 2021, naming the Florissant Police Department as the defendant. The filing of plaintiff's amended complaint supercedes his original complaint, leaving it without legal effect. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Because plaintiff is proceeding in forma pauperis, the Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that this action must be dismissed without prejudice.

**A. 42 U.S.C. § 1983 Claims Against the Florissant Police Department and City of Florissant**

In his amended complaint, plaintiff does not specifically indicate that he is bringing an action pursuant to 42 U.S.C. § 1983, as he did in his original complaint. The Court notes, however, that plaintiff appears to be asserting that his constitutional rights were violated during a traffic stop. To the extent that plaintiff is attempting to bring a § 1983 claim against either the Florissant Police Department or the City of Florissant, such a claim must be dismissed.

With regard to the Florissant Police Department, a police department is a department or subdivision of local government, and not a juridical entity, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*,

18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, to the extent that plaintiff is bringing a 42 U.S.C. § 1983 claim against the Florissant Police Department, the claim must be dismissed.

Even if the City of Florissant was substituted as the proper party defendant, the result would be the same. "In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory." *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018). However, a local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Florissant.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is

7

asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an

8

unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not demonstrated that the City of Florissant violated his constitutional rights due to a policy, custom, or failure to train.

With regard to an unconstitutional policy, plaintiff's facts do not identify any City of Florissant "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body," much less demonstrate that such a policy statement, ordinance, regulation, or official decision violated his constitutional rights. In other words, plaintiff has not demonstrated that he was harmed by "a deliberate choice of a guiding principle or procedure made by" a City of Florissant official.

As to an unconstitutional custom, plaintiff has presented no facts establishing the existence of "a continuing, widespread, persistent pattern of unconstitutional misconduct" by City of Florissant employees, much less that City of Florissant officials were deliberately indifferent to or tacitly authorized such misconduct. Rather than presenting a widespread pattern, plaintiff's facts, such as they are, focus on a single traffic stop on November 9, 2020. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Likewise, with regard to a deliberately indifferent failure to train or supervise, plaintiff has not demonstrated a "pattern of similar constitutional violations by untrained employees." Instead, as noted above, plaintiff's amended complaint focuses on only a single traffic stop.

Because plaintiff has not alleged facts showing an unconstitutional policy, custom, or failure to train on the part of the City of Florissant, he has not stated a municipal liability claim. Therefore, to the extent that plaintiff was attempting to bring a 42 U.S.C. § 1983 action against the

9

City of Florissant, the claim must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Failure to State a Claim

To the extent that plaintiff is seeking relief outside of 42 U.S.C. § 1983, he has failed to state a claim. As noted above, to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Furthermore, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Here, plaintiff complains about an apparent traffic stop that occurred on November 9, 2020. Rather than providing factual allegations showing what happened, however, plaintiff presents a list of legal conclusions, which the Court is not required to accept as true. For instance, plaintiff contends that he was "illegally detained without a warrant…[or] probable cause." There are no supporting facts to indicate that his detention was illegal, or that the officer involved did not have probable cause. To the contrary, the criminal citations plaintiff has attached to his amended complaint indicate that plaintiff had an obstructed license plate. Such a traffic violation, no matter how minor, provides the necessary probable cause for a traffic stop. *See United States v. Williams*,

10

429 F.3d 767, 771 (8th Cir. 2005) ("It is well established that even a minor traffic violation provides probable cause for a traffic stop").

Another example is plaintiff's assertion that he was "shackled," "kidnapped," and mentally abused "by way of incarceration." It appears that plaintiff is saying that as a result of the traffic stop, he was handcuffed and taken to jail. Despite his legal conclusion that this amounted to an illegal detention, plaintiff presents no facts establishing that his arrest was unlawful. "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Plaintiff has not alleged any facts establishing that the arresting officer had no cause to believe he committed a crime. Instead, the criminal citations plaintiff has attached reveal that he was charged with several offenses, including driving with a suspended or revoked license, and failing to comply with the officer's directions. In short, plaintiff's facts do not allow the Court to draw the inference that either the Florissant Police Department or the City of Florissant is liable for any misconduct.

### C. Frivolity

Aside from failing to state a claim, plaintiff's amended complaint is frivolous. Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

In his amended complaint, much of plaintiff's "Statement of Claim" is devoted to asserting that he has "a prepaid non obligatory [commercial] debt obligation arrangement with the United States," and that the Florissant Police Department is actually "no different [than] a mere private corporation," because of its "reliance on Private Commercial Paper." Additionally, plaintiff states that the Florissant Police Department "failed to adhere to federal consumer protection laws" when he was stopped, and also contacted him "after business hours." The implication seems to be that plaintiff, based on his prepaid nonobligatory commercial debt arrangement with the United States, is somehow exempt from the State of Missouri's traffic regulations.[2]

To the extent that plaintiff is suggesting that his special status excuses him from compliance with state traffic laws, the contention is without an arguable basis in law or fact. Indeed, plaintiff appears to be advancing a species of argument made by so-called sovereign citizens, who believe that the United States Government "operates solely on a credit system using American citizens as collateral." *See El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013). Such individuals believe they are their own sovereign, and not subject to governmental authority. *Formanack v. Stillwater Towing Inc.*, 2018 WL 1512293, at *1 n.1 (D. Minn. 2018) (citing *Cooper v. United States*, 104 Fed. Cl. 306, 313 (2011)). This type of argument has been widely deemed to be frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in a tax case challenging the government's jurisdiction over a "sovereign citizen"); *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that

---

[2] Plaintiff makes this argument explicitly in his original complaint, when he maintained that his "private automobile" was "being used only for personal, family, and household purposes," and that because he "was not operating in a commercial capacity," he "was exempt from those regulations" pertaining to his license plate cover. (Docket No. 1-2 at 5).

12

appellants' argument "that they are special, sovereign citizens" was frivolous); and *United States v. Hardin*, 489 Fed. Appx. 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen). Therefore, for this reason as well, this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of  March , 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE